César A. PIOVANETTI PUJALS,
Plaintiff,

v.

FIRST NATIONAL CITY BANK et
al., Defendants.

Civ. No. 75–1363.

United States District Court,
Puerto Rico.

April 5, 1977.

Rafael A. Oliveras Vera, Hato Rey, P. R.,
for plaintiff.

Rafael Pérez–Bachs, San Juan, P. R., José
A. Fernández Paoli, Santurce, P. R., for
defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

In Civil Case 76–322 there being alternate grounds to find jurisdiction, Chief Judge Toledo refrained from ruling whether the Court had jurisdiction pursuant to the provisions of 12 U.S.C. § 632. However, in passing he disposed of all the arguments advanced by the First National City Bank in its motion for reconsideration except that his reading (and our reading in this case) of Public Law No. 86–230 (12 U.S.C. § 42) would have the effect of finding that Chapter 6 of the National Bank Act (of which 12 U.S.C. § 632 is a part) is not applicable to Puerto Rico and would deny deference to the alleged administrative interpretation of the Board of Governors of the Federal Reserve System of "banking abroad", "foreign banking" and "banking in a foreign country" as including banking in Puerto Rico.

We find that these arguments are redundant. The purpose of Public Law 86–230 was to eliminate ambiguities by providing in section 14 that the provisions of *all* acts of Congress relating to national banks shall apply in the several states, the District of Columbia, the several territories and possessions of the United States *and* the Commonwealth of Puerto Rico. The ambiguity that existed was precisely as to the status of Puerto Rico, as it could not be classified as a foreign country nor as a dependency or insular possession. The ambiguity of the present political status of Puerto Rico certainly prevails, but as has been the trend, Puerto Rico was once more being considered at par with the District of Columbia

and the several states, as it should be, given its common citizenship [1] and its advanced judicial system.[2]

 Apart from the actions enumerated in 28 U.S.C. § 1348, as to which original jurisdiction is vested in the United States District Courts, national banks are on the same footing as individuals or other corporations. So, for the usual litigation involving national banks, some basis other than the fact of federal incorporation e. g. diversity or federal question must be shown for federal courts to take jurisdiction. It should be noted that in suits involving national banks, when the basis of jurisdiction is diversity, 28 U.S.C. § 1348 provides that national banks "shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located".

Put in other words, the reasons that may exist for the exclusive jurisdiction of federal courts in cases arising out of transactions involving international or foreign banking or banking in a dependency or insular possession of the United States, are not present when the banking transaction occurs in one of the several states or in Puerto Rico. In cases of foreign banking, the purpose is to guarantee the foreign party a real or presumed higher level of judicial consideration—at the national level—and the application of a uniform "federal common law" as compared with lower level state courts and the application of varied state law. In cases of banking in a dependency or insular possession the fear that the territorial courts may be prejudiced against the litigants from the "metropolis" or lack of confidence in their judicial system.

In fact, we find that almost all the arguments in favor and against the retention of diversity jurisdiction are applicable to this

1. "The rights, privileges and immunities of citizens of the United States shall be respected in Puerto Rico to the same extent as though Puerto Rico were a State of the Union . . . ." Section 2, The Puerto Rican Federal Relations Act.

2. In 1961, by Public Law 87–189, Section 1258 of Title 28 was added to modify the previous procedure of appeal from the Supreme Court of

question, including the flow of capital argument. (See Wright, *Law of Federal Courts*, 2nd Ed., Sec. 23)

For the above stated reasons, the motion of First National City Bank for reconsideration of our order remanding the instant case to the District Court of Puerto Rico, Rio Piedras Part, is hereby denied.

Puerto Rico to the Court of Appeals for the First Circuit and to provide that final judgments and decrees entered by the Supreme Court of Puerto Rico shall be reviewed instead by the Supreme Court of the nation on certiorari or appeal in the same manner as judgments from the highest courts of the several states of the Union are reviewed by that court.